IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, trustee,   )<br>)<br>)<br>)<br>and  )<br>)<br>CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND and HOWARD McDOUGALL, trustee  )<br>)<br>)<br>)<br>)<br>Plaintiffs,  )<br>)<br>vs.  )<br>)<br>TRUCKERS PLUS HR, LLC, an Ohio limited liability company and AMERICAN STAFFING RESOURCE, LTD., d/b/a TRUCKERS PLUS HR, an Ohio limited liability company  )<br>)<br>)<br>)<br>)<br>)<br>)<br>Defendants.  ) | FILED: JULY 29, 2008<br>08CV4295<br>JUDGE MAROVICH<br>MAGISTRATE JUDGE BROWN<br>TG<br><br>Case No.:<br><br>Judge:<br><br>Magistrate Judge: |

## COMPLAINT

**NOW COME** Plaintiffs Central States, Southeast and Southwest Areas Pension Fund, Central States, Southeast and Southwest Areas Health and Welfare Fund, and Howard McDougall, trustee, and, by their attorneys, complain against Defendants Truckers Plus HR, LLC an Ohio limited liability company and American Staffing Resource, Ltd., d/b/a Truckers Plus HR, an Ohio limited liability company, alleging as follows:

### JURISDICTION AND VENUE

1.      This action is brought and maintained in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 *et seq.* and is a suit to recover employer contributions owed to the Trustees of the Central States,

Southeast and Southwest Areas Pension Fund ("Pension Fund") and the Central States, Southeast and Southwest Areas Health and Welfare Fund ("Health and Welfare Fund") by Defendants.

2.     This Court has jurisdiction over this action pursuant to §§502(e)(1) and 502(f) of ERISA, 29 U.S.C. §§1132(e)(1) and 1132(f).

3.     Venue properly lies in this Court pursuant to the forum selection clause of the Pension Fund Trust Agreement and the Health and Welfare Fund Trust Agreement ("Trust Agreements") which designate this forum as the location for suits to collect delinquent fringe benefit contributions, and §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), because the Pension Fund and the Health and Welfare Fund are administered in, and maintain their principal place of business in, Rosemont, Cook County, Illinois.

## PARTIES AND RELATIONSHIP

4.     The Pension Fund is an employee benefit plan and trust, with its administrative office and its principal and exclusive offices at 9377 West Higgins Road in Rosemont, Cook County, Illinois.

5.     The Pension Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters ("IBT") on behalf of employees of those same employers. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing pension benefits to participants and beneficiaries of the Pension Fund and paying the administrative expenses of the Pension Fund.

6.     The Health and Welfare Fund is an employee benefit plan and trust, with its administrative office and its principal and exclusive offices at 9377 West Higgins Road in

Rosemont, Cook County, Illinois.

7. The Health and Welfare Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the IBT on behalf of employees of those same employers. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing health and welfare benefits to participants and beneficiaries of the Health and Welfare Fund and paying the administrative expenses of the Health and Welfare Fund.

8. Plaintiff Howard McDougall is a Trustee and a "fiduciary" of the Pension Fund and the Health and Welfare Fund as that term is defined in ERISA and brings this action in his capacity as a Trustee and fiduciary. Pursuant to Section 502(a)(3) of ERISA, plaintiff Howard McDougall is authorized to bring civil actions on behalf of the Pension Fund and the Health and Welfare Fund and its participants and beneficiaries. 29 U.S.C. § 1132(a)(3).

9. Defendant Truckers Plus HR, LLC is an Ohio limited liability company ("Truckers Plus"). Defendant Truckers Plus is an "employer" and a "party-in-interest" as those terms are defined by, respectively, Sections 3(5), (14)(c) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(c).

10. Defendant American Staffing Resource, Ltd., d/b/a Truckers Plus HR is an Ohio limited liability company ("American Staffing"). Defendant American Staffing is an "employer" and a "party-in-interest" as those terms are defined by, respectively, Sections 3(5), (14)(c) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(c).

11. Local Union No. 391 of the IBT (hereinafter "Local 391") is a labor organization which represents, for the purpose of collective bargaining, certain employees

of Defendants and employees of other employers in industries affecting interstate commerce.

12. Local Union No. 71 of the IBT (hereinafter "Local 71") is a labor organization which represents, for the purpose of collective bargaining, certain employees of Defendants and employees of other employers in industries affecting interstate commerce.

## CERTAIN RELEVANT BACKGROUND EVENTS

13. During all relevant times, the Defendants have agreed to pay contributions on behalf of covered employees to the Pension Fund and the Health and Welfare Fund pursuant to a Collective Bargaining Agreement, Addendum to Agreement and Letter of Understanding and Agreement with Local 391 and a Collective Bargaining Agreement with Local 71.

14. The Defendants also entered into Participation Agreements with Local 391 and Local 71 that require the Defendants to pay contributions to the Pension Fund and the Health and Welfare Fund.

15. The Defendants also agreed to be bound by the Pension Fund Trust Agreement and the Health and Welfare Fund Trust Agreement (collectively, the "Trust Agreements"). The Trust Agreements require the Defendants to "make continuing and prompt payments to the [Pension and Health and Welfare Funds] as required by the applicable collective bargaining agreement."

16. The Pension Fund and the Health and Welfare Fund rely upon participating employers to self-report the work history of eligible employees in order to prepare a monthly bill and determine benefit eligibility.

17. The self-reporting system requires participating employers like the Defendants to identify those employees for whom contributions are owed and requires the

employers to identify the weeks and/or days worked by the eligible employees.

18.　　The Trust Agreements provide, in part, that:

> Non-payment by an Employer of any moneys due shall not relieve any other Employer from his obligation to make payment. In addition to any other remedies to which the parties may be entitled, an Employer shall be obligated to pay interest on any contributions[, or withdrawal liability][1] or other moneys due to the Trustees from the date when the payment was due to the date when the payment is made together with all expenses of collection incurred by the Trustees, including, but not limited to, attorneys' fees and such fees for late payment as the Trustees determine and as permitted by law. The interest payable by an Employer, in accordance with the preceding sentence, shall be computed and charged to the Employer at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged. Any judgment against an employer for contributions [or withdrawal liability] owed to this Fund shall include the greater of (a) a doubling of the interest computed and charged in accordance with this section or (b) single interest computed and charged in accordance with this section plus liquidated damages in the amount of 20% of the unpaid contributions [or withdrawal liability]. The interest rate after entry of a judgment against an Employer for contributions [or withdrawal liability] shall be due from the date the judgment is entered until the date of payment, shall be computed and charged to the Employer on the entire judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged and shall be compounded annually.

## STATUTORY AUTHORITY

19.　　ERISA §515, 29 U.S.C. §1145, provides that:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

20.　　ERISA §502(g)(2), 29 U.S.C. §1132(g)(2), provides that:

> (2)　　In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor

---

[1]　　The language "or withdrawal liability" appears only in the Pension Fund Trust Agreement.

of the plan is awarded, the court shall award the plan --

(A)  the unpaid contributions,

(B)  interest on the unpaid contributions,

(C)  an amount equal to the greater of --

   (i)  interest on the unpaid contributions, or

   (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D)  reasonable attorney's fees and costs of the action, to be paid by the defendants, and

(E)  such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

## STATUTORY AND CONTRACTUAL VIOLATIONS

21.  The Defendants breached the provisions of ERISA, the Collective Bargaining Agreements, the Addendum to Agreement, the Letter of Understanding and Agreement, the Participation Agreements, and the Trust Agreements by failing to pay all of the contributions (and interest due thereon) which the employee work history reported revealed to be owed to the Pension Fund for the period of February 2008 through April 2008, plus accrued interest through June 30, 2008, and to the Health and Welfare Fund for the period of January 2008 through April 2008, plus accrued interest through June 30, 2008.

22.  Despite demands that the Defendants perform their statutory and contractual obligations with respect to making contributions to the Pension Fund and the Health and Welfare Fund, the Defendants have neglected and refused to pay the amounts that are

due as a consequence of the conduct set forth in paragraph 21.

23.　　The Defendants owe to the Pension Fund in excess of $30,000 for unpaid contributions and interest through June 30, 2008, as a result of the conduct set forth in paragraph 21.

24.　　The Defendants owes to the Health and Welfare Fund in excess of $40,000 for unpaid contributions and interest through June 30, 2008, as a result of the conduct set forth in paragraph 21.

**WHEREFORE**, Plaintiffs Central States, Southeast and Southwest Areas Pension Fund, Central States, Southeast and Southwest Areas Health and Welfare Fund, and Howard McDougall, Trustee, request the following relief against Defendants Truckers Plus HR, LLC an Ohio limited liability company and American Staffing Resource, Ltd., d/b/a Truckers Plus HR, an Ohio limited liability company:

A.　　A judgment against Defendants Truckers Plus HR, LLC an Ohio limited liability company and American Staffing Resource, Ltd., d/b/a Truckers Plus HR, an Ohio limited liability company, jointly and severally, and in favor of Plaintiffs, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2) for:

(i)　　the unpaid contributions owed to the Pension Fund and the Health and Welfare Fund;

(ii)　　interest on the unpaid contributions computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged;

(iii)　　an amount equal to the greater of the interest on the unpaid

contributions or liquidated damages of 20% of the unpaid contributions; and

    (iv)    attorney's fees and costs.

B.    Post-judgment interest computed at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged; and

C.    For such further or different relief as the Court may deem proper and just.

Respectfully submitted,

July 29, 2008

s/ Rathna C. Rodgers  
Rathna C. Rodgers  (ARDC #06239131)  
Attorney for Plaintiffs  
Central States, Southeast and Southwest Areas Pension Fund, Central States, Southeast and Southwest Areas Health and Welfare Fund  
9377 West Higgins Road  
Rosemont, Illinois  60018-4938  
(847) 518-9800, Ext. 3435  
rrodgers@centralstatesfunds.org